

# NUMBER 13-20-00479-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

THE CITY OF PORT ISABEL,
TEXAS, JJ ZAMORA, AND
MARTIN CANTU,                                                    Appellants,

v.

BROWNSVILLE NAVIGATION
DISTRICT OF CAMERON
COUNTY, TEXAS,                                                    Appellee.

On appeal from the 445th District Court
of Cameron County, Texas.

# ORDER OF ABATEMENT

**Before Chief Justice Contreras and Justices Hinojosa and Silva
Order Per Curiam**

Appellants, the City of Port Isabel, JJ Zamora, and Martin Cantu, appeal the trial

court's order sustaining appellee Brownsville Navigation District of Cameron County,

Texas's (BND) plea to the jurisdiction. Appellants initiated a suit against BND, requesting

the trial court enjoin it from allowing three liquified natural gas (LNG) facilities from being built and operated on its land situated near Port Isabel. BND filed a plea to the jurisdiction arguing, inter alia, that the trial court lacked jurisdiction over appellants' claims because appellants' claims implicated the exclusive jurisdiction granted to the Federal Energy Regulation Commission (FERC) under the Natural Gas Act (NGA) and were otherwise not ripe. *See* 15 U.S.C. § 717b(e)(1) (providing FERC with "exclusive authority to approve or deny an application for the siting, construction, expansion, or operation of an LNG terminal"). The trial court sustained BND's plea, concluding that appellants' claims did implicate FERC's exclusive jurisdiction and were not ripe.

Through briefing, the parties indicated that FERC's decision to grant permits to the LNG companies was being challenged through the United States Court of Appeals for the District of Columbia Circuit. *See id.* § 717r(d). Because the outcome of the pending federal appeal may be determinative of the issues before us, this Court hereby ABATES this appeal on its own motion. We hereby order the parties to: (1) within ten (10) days from the date of this order, advise this Court of the status of the federal appeal(s); (2) file with the Clerk of this Court the final disposition(s) and/or opinion(s) in the federal appeal(s) promptly after such becomes available; and (3) within thirty (30) days after the filing of the disposition(s) and/or opinion(s) in the federal appeal(s) as set forth above, provide additional briefing to this Court addressing whether such disposition renders this appeal moot or otherwise affects this appeal. *See* TEX. R. APP. P. 38.9(b). The appeal may be reinstated upon completion of the additional briefing or upon further order of this Court.

PER CURIAM

Delivered and filed on the
30th day of June, 2022.

2